**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**ETORY ROBINSON**                                                          **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO.: 4:25-cv-172-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                               **DEFENDANT**

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

Before the Court are Plaintiff's motion [19] and memorandum [20] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and Defendant's response [21].

In these proceedings, Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. This Court's Order [Doc. 17] granted Defendant's motion to remand to the Social Security Administration for further proceedings. A party who obtains a remand in a social security appeal pursuant to the fourth sentence of 42 U.S.C. § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).[1]

Plaintiff, through his motion, seeks attorney fees in the amount of $7,720.74. In support of the motion, Plaintiff's counsel submitted a statement regarding the time expended litigating this action. According to the motion, Plaintiff's attorney spent a total of 30.3 hours on this case in 2025 and 2026 at a rate of $254.81 per hour, amounting to $7,720.74 of total work.

---

[1] The fourth sentence of 42 U.S.C. § 405(g) states "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

The Court, having thoroughly considered the motion, noting that the Defendant does not oppose the award of EAJA fees, and the applicable law, finds the award is reasonable; and no special circumstance would make the award unjust.

Therefore, it is ordered that the Commissioner shall promptly pay Plaintiff $7,720.74 in attorney fees for the benefit of his counsel. As a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's attorney.

**SO ORDERED**, this the 1st day of May, 2026.

*/s/* Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**